# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| BARRY L. MOTES, JR., | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 19-00766-KD-B |
| TREY OLIVER, III, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Barry L. Motes, Jr., a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon careful review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint. (Doc. 1).**

Plaintiff Motes filed this § 1983 action while an inmate at the Mobile County Metro Jail ("Metro Jail"). (See Doc. 1).[1] Motes names as Defendants Trey Oliver, III, Warden of the Metro Jail, and Captain Stallworth, a captain at the Metro Jail. (Id. at 5).

---

[1] Motes has since notified the Court that he was transferred to and is now incarcerated at the Clarke County Jail. (Doc. 5).

According to Motes, Captain Stallworth "kicked [Motes] out" of the GED program at the Metro Jail from February 27, 2019 through May 27, 2019. (Id. at 4). When Motes asked Stallworth the reason for his dismissal from the GED program, Stallworth informed him that the chapel staff had reported that Motes told them "he was set up by being placed in the classroom with a female while [he was] a sex offender." (Id.). According to Motes, Stallworth said that the chapel staff had documented Motes' comment, but when Motes requested the document, Chaplain Singleton told Motes that there was no such document and that chaplain staff had no knowledge of the matter. (Id.). When Motes attempted to notify Warden Oliver of this, he was told that Oliver did not receive grievances. (Id.).

With regard to the specific claims against Defendant Oliver, Motes alleges that the Warden's supervision of Metro Jail matters and subordinate officers' actions was inadequate, and that Oliver neglected his duty. (Id. at 5). To support these assertions, Motes alleges that between 7:36 a.m. on June 18, 2019 and 12:00 p.m. on June 19, 2019, he sent a grievance to Oliver but was told that Oliver does not receive grievances. (Id.). With respect to his specific claims against Defendant Stallworth, Motes contends that at 7:36 a.m. on June 18, 2019, Stallworth defamed him by "say[ing] the alleged accusation," which Motes maintains was

false. (Id.).

For relief, Motes requests "[c]ompensation of $100,000 due to mental anguish" and placement back in the GED program if he is still incarcerated. (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Motes is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Pursuant to § 1915(e)(2)(B)(i), a claim must be dismissed as "frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or where the claim seeks to enforce a right that clearly

---

[2] Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

does not exist.  Id. at 327.  Moreover, a lawsuit may be found to be frivolous when the "plaintiff's realistic chances of ultimate success are slight."  Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks and citations omitted).

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, a plaintiff's allegations must show plausibility.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557 (last brackets in original).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court

gives them a liberal construction, holding them to a more lenient standard than those of an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even in the case of *pro se* litigants, a court does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681. In addition, a *pro se* litigant remains "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

**A. Defendant Stallworth.**

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of *rights, privileges, or immunities secured by the Constitution or laws of the United States*." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added) (citation omitted). Thus, Motes must demonstrate that a federal right has been violated, which he has

5

not done.

Motes contends that Captain Stallworth defamed him when Stallworth repeated to Motes what Motes allegedly said before the chapel staff, i.e., "he was set up by being placed in the classroom with a female while [he was] a sex offender." (Doc. 1 at 4-5). Motes uses the words defamation, calumny, and slander to describe his claim against Stallworth. (Id. at 5). Merriam-Webster Dictionary instructs that these words are synonyms for one another and involve "communicating false statements about a person that injure the reputation of that person[.]" https://www.merriam-webster.com/dictionary/defamation (last visited Mar. 3, 2020). In the legal sense, defamation of character encompasses slander, which is when a person falsely states something about another. https://thelawdictionary.org/article/how-do-you-prove-a-defamation-of-character-claim/ (last visited Mar. 3, 2020). And calumny is defined as "[d]efamation; slander; false accusation of a crime or offense." https://thelawdictionary.org/calumny/ (last visited Mar. 3, 2020). Thus, for the purposes of this report and recommendation, the use of the word defamation will also include slander and calumny.

In a § 1983 action, a claim for defamation does not demonstrate a violation of a constitutional right. Paul v. Davis, 424 U.S. 693, 711-12 (1976) (holding that interest in reputation

alone is not a liberty or property interest entitled to the Constitution's due process protections). A state-law defamation claim is not converted into a violation of the Constitution when the alleged defamation was committed by a state actor. Id. at 697-99; see id. at 695-96, 713-14 (finding no violation of a constitutional right when plaintiff was defamed by a police department's flyer, circulated among merchants, that included plaintiff's mugshot among suspected active shoplifters' mugshots, even though his guilt or innocence had never been determined); Walker v. Atlanta Police Dep't Pub. Affairs Unit, 322 F. App'x 809, 811 (11th Cir. 2009) (per curiam) (dismissing as frivolous a § 1983 claim that plaintiff was defamed by the police department when he was identified in the media as a murder suspect); Hunter v. Augusta Richmond Cnty. Sheriff's Dep't, 2006 U.S. Dist. LEXIS 50775, 2006 WL 1982937, at *1 (S.D. Ga. July 12, 2006) (dismissing pursuant to § 1915A plaintiff's complaint that defendant reported in a newspaper that the plaintiff was a registered sex offender who had been incarcerated for a rape conviction, which the plaintiff contended was false). Accordingly, Motes' defamation claim against Stallworth is frivolous.

Motes conclusorily asserts that Stallworth abused his authority and discriminated against him. (Doc. 1 at 5). Based on the placement of these vague and conclusory assertions, they appear

7

to be connected in some unexplained manner to Motes' defamation claim. As best the Court can discern, Motes appears to assert that Stallworth abused his authority and discriminated against him in some unidentified manner when the alleged defamation occurred. Given that the defamation does not constitute a constitutional violation, the other claims based on defamation must likewise fail because the underlying claim is frivolous. Cf. Rooney v. Watson, 101 F.3d 1378, 1381-82 (11th Cir. 1996) (when there is no underlying constitutional deprivation, inquiry into a supervisor's actions is irrelevant), cert. denied, 522 U.S. 966 (1997). Considering these vague and conclusory allegations against Stallworth and in the absence of a constitutionally protected right with regard to the defamation allegation, Motes' claims against Stallworth are frivolous as a matter of law, see Neitzke, 490 U.S. at 325, or in the alternative, his realistic chances of ultimate success on his claims against Stallworth are slight. See Moreland, 899 F.2d at 1170.

**B. Defendant Oliver.**

Motes alleges that he sent a grievance to Warden Oliver but was told Oliver did not receive grievances.[3] With the few facts

---

[3] Motes does not specify the factual basis of his grievance. But, because the complaint contains allegations concerning Motes' discharge from the GED program, the Court will discuss the discharge, as it may have served as a basis for his grievance, among other things.

that were offered, it appears that Motes may have been attempting to use a grievance procedure. However, an inmate has no constitutionally-protected liberty interest to a grievance procedure and to have access to such a procedure. Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal as frivolous of a claim that prison's grievance procedures were inadequate). Nor is there a "constitutional right to receive a response to a grievance." Chapman v. La. Corr. Servs., 2010 U.S. Dist. LEXIS 46643, at *12, 2010 WL 1929859, at *4 (S.D. Ala. Apr. 6, 2010). Thus, allegations that a prison official "failed to process, improperly processed,

---

Motes did not have a constitutional right to participate in a program to obtain his GED. See Williams v. Coastal Ala. Cmty. Coll., 2019 U.S. Dist. LEXIS 143817, at *10, 2019 WL 5089197, at *4 (S.D. Ala. Aug. 22, 2019) (dismissing a claim to participate in a vocational program as frivolous); Luckett v. Lewis, 2013 U.S. Dist. LEXIS 169667, at *3-6, 2013 WL 6230103, at *2 (S.D. Miss. Nov. 30, 2013) (dismissing complaint as frivolous because the plaintiff had no constitutionally protected right to participate in the GED program while in protective custody, as it was not an atypical or significant hardship); Santos v. Hutto, 2009 U.S. Dist. LEXIS 142150, at *7, 2009 WL 1405518, at *3 (M.D. Ala. May 19, 2009) ("Plaintiff, . . . as an inmate in the Alabama prison system has no state-created liberty interest which entitles him to participation in favorable prison programs, including educational classes[,]" so "his discharge from education classes . . . fails to state a constitutional violation, [and] is due to be dismissed under the provisions of § 1915(e)(2)(B)(i)"). It follows, therefore, that Motes did not have a constitutionally protected right not to be discharged from the GED program, and he cannot state a viable § 1983 claim against either Oliver or Stallworth based on his dismissal from the GED program.

9

or improperly denied a grievance do not state viable constitutional claims." Glenn v. Dozier, 2019 U.S. Dist. LEXIS 160313, at *8, 2019 WL 4567581, at *3 (M.D. Ga. Sept. 20, 2019). Rather, a court considers the lack of a response to a grievance for the purpose of determining whether an inmate has exhausted his available administrative remedies with respect to his underlying claim. See Miller v. Tanner, 196 F.3d 1190, 1193-94 (11th Cir. 1999); 42 U.S.C. § 1997e(a) (requiring exhaustion of a grievance procedure's remedies by an inmate). Moreover, the First Amendment right to petition the government is violated only when the prisoner is punished for filing a grievance, which is not alleged in the present situation. Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006), abrogated on other grounds as recognized in Sconiers v. Lockhart, 946 F.3d 1256, 1259 (11th Cir. 2020). Therefore, the Court finds that Motes' claim based on Oliver's refusal to receive his grievance is frivolous.

Motes' other allegations against Oliver, such as inadequate supervision of jail matters and of subordinates' actions and "negl[ect] of duty," are vague and conclusory and lack any supporting concrete facts. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory allegations are subject to dismissal). Moreover, in a § 1983 action, a supervisory defendant cannot be liable solely for subordinate's actions. See

10

Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691-92 (1978) (ruling that city could not be held liable under § 1983 for the acts of an employee either vicariously or under the theory of *respondeat superior*). Instead, to hold a supervisor liable under 42 U.S.C. § 1983, "a plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). And, if there is no underlying constitutional deprivation, inquiry into a supervisor's actions, such as a custom, policy, supervision, or training, is irrelevant. Rooney, 101 F.3d at 1381-82. This is the situation at hand. There is no underlying constitutional deprivation in this action that can be causally connected to Defendant Oliver and his supervision of the jail and its staff.

Furthermore, Motes' conclusory allegation of neglect of duty does not state a constitutional violation. Negligent conduct does not serve as a basis for liability under § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986) (concluding that the "negligent act of an official causing unintended loss of or injury to life, liberty, or property" does not implicate the Due Process Clause).

11

Thus, Motes' claims against Defendant Oliver are frivolous as a matter of law.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **4th** day of **March, 2020.**

                                        **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**